**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00952-REB-MJW

JIMMIE WELLMAN,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director of the DOC (in his official capacity), and
MAURICE FAUVEL, D.O., (in his personal capacity);

    Defendants.

## ORDER GRANTING MOTION TO CONTINUE TRIAL DATE

**Blackburn, J.**

    This matter is before me on the **Motion To Vacate Trial Set for October 20, 2014** [#83][1] filed October 2, 2014. I grant the motion.

    The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to

---

[1] "[#83]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).

Recently, counsel for the plaintiff withdrew. Given that circumstance, the plaintiff, a prison inmate, seeks an extension of time to respond to the motion for summary judgment of the defendants. In their motion for summary judgment, the defendants assert qualified immunity. The issue of qualified immunity must be resolved before trial. Nothing in the record indicates that the defendants have not been diligent in this case. A continuance will permit an orderly resolution of the qualified immunity issue and the other issues raised in the motion for summary judgment. On balance, the *West* factors weigh in favor of a continuance.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Vacate Trial Set for October 20, 2014** [#83] filed October 2, 2014, is **GRANTED**;

2. That the Trial Preparation Conference set October 17, 2014, at 10:00 a.m., and the trial set to commence October 20, 2014, at 8:30 a.m., are **VACATED** and **CONTINUED** pending further order;

3. That the **Trial Preparation Conference Order** [#37] entered September 13, 2013, is **AMENDED** and **SUPPLEMENTED** accordingly; and

4. That counsel **SHALL CONTACT** the court's administrative assistant **at (303) 335-2350** on **October 14, 2014, at 9:30 a.m.** (MDT), to reschedule the Trial Preparation Conference and trial.

Dated September 6, 2014, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge